ROLAND L. BELSOME, Judge.
h FACTS AND PROCEDURAL HISTORY
On March 31, 2004, the defendant Red-dick was charged in case 446-989 with one count each of simple escape and simple possession of marijuana. The case was designated a fourth class case and was allotted to Section “C,” which then ordered it reallotted to the magistrate court. On April 14, 2004, Reddick appeared in court, and the court ordered the case be reallot-ted because the escape charge was a felony charge. On April 28, 2004, the State nolle prosequied both counts of the bill of information.
On October 5, 2004 the State reinstitut-ed the escape charge in case 452-428. Reddick appeared for arraignment on October 20, 2004, and pled not guilty. The record indicates that on November 19, 2004, the court found no probable cause and ordered Reddick released. The court reset a motion hearing for December 10, 2004. Apparently, by that time Reddick was back in jail, and the court reset the hearing to December 16, 2004, at which time, Reddick appeared with counsel, but the court again found no probable cause to hold him due to the fact that the State’s witnesses did not appear for the hearing. The court again ordered Reddick 1 ?released, and it set trial for December 29, 2004. On December 29, 2004 the State nolle prosequied the case.
On January 12, 2005, the State reinsti-tuted the escape charge yet again in the present case. The case was allotted to Section “G” and then reallotted to Section “K” to follow case 452-428. Reddick appeared for arraignment on February 2, and the court set trial for February 28, 2005. On February 28, 2005, Reddick filed a motion to quash the bill of information. The court set a hearing on the motion for March 14, 2005. When Reddick did not appear on March 14, 2005, the court reset the hearing to March 18, 2005. On March 17, 2005 the State filed its opposition to the motion to quash, and on March 18, 2005 the court granted the motion.
DISCUSSION
By its sole assignment of error, the State argues that the trial court erred by quashing the charge against the defendant in the present case. The transcript of the hearing shows that the trial court granted the motion to quash without oral argument. The trial court did not assign reasons at the time it granted the motion. However, the trial court’s per curiam, filed on May 10, 2005, states that in a number of cases including the instant case, the State had nolle prosequied cases as a way of obtaining a continuance after failing to comply with La.C.Cr. P. art. 707 [1]
*753 |aThe State argues that it had the authority to dismiss the previous bills of information and reinstitute the charges in the present bill.[2] It further argues that its decision to nolle prosequi did not infringe on the defendant’s constitutional or statutory rights to a speedy trial. Approximately 12 months had elapsed from the time the charges were initially brought until the time the trial court quashed the bill of information. For the type of felony alleged in this case, La.C.Cr.P. art. 578(2), allows the State two years from the institution of prosecution to bring the defendant to trial.
The Supreme Court has most recently discussed this issue in State v. Battiste, 05-1571 (La.10/17/06), — So.2d - Citing State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, the court reiterated:
A court’s resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinsti-tuted charges should be decided on a case-by-case basis. In those cases ‘where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.’ (citations omitted).
Battiste, p. 5
Absent a specific finding by the trial court that the State was intentionally flaunting its authority, we must follow Bat-tiste. Based on the record of the present case we have no evidence to indicate that the State was attempting to gain a tactical advantage. Although it seems |4that the trial court would be in a better position to make such a determination, we are a court of review and thus bound by the record.
In light of the Supreme Court’s opinion in Battiste and the record as a whole, we must find the State was within its authority to nolle prosequi and reinstate the instant matter. Therefore, we reverse the trial court and remand the matter for further proceedings.
REVERSED AND REMANDED.

. Motion for continuance; time for filing — A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
*753 Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice. La. C.Cr.P. art. 707.

. Dismissal of prosecution by district attorney — The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court. La.C.Cr.P. art. 691.